IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SARA WREN, MELINDA THOMPSON, PATRICIA SIMMONS and DEMETRIOUS THOMAS on behalf of themselves and all others similarly situated, | § § § § § § | Civil No. 3:25-CV-2063-K |
| Plaintiffs, | § § | |
| v. | § § | |
| FRESHREALM, INC., | § § | |
| Defendant. | § | |

## CLASS CERTIFICATION SCHEDULING ORDER

The Court, having considered the parties' Joint Report filed October 20, 2025, the finds that the following order should be entered pursuant to Fed. R. Civ. P. 16(b), and the local rules of this Court, to schedule this case for disposition and, if disposition by trial is needed, to expedite the trial. Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure, as amended, must be observed.

1. Pursuant to Local Rule 16.3(a), the parties to this case shall enter into settlement negotiations as early as possible.

2. The parties are ordered to complete mediation no later than **March 2, 2026** and file a Joint Mediation Report describing the status of settlement negotiations no later than **March 9, 2026**. The parties' obligation to file a Mediation Report is separate from any reporting requirements of the mediator.

3. No later than **30 days from the date of this order**, the parties shall submit a Joint Designation of Mediator in which the parties either name an agreed mediator or state that the parties cannot agree to a mediator.

-1-

**Proposed orders are required to be submitted with EVERY motion. The proposed order must be emailed, in Word or WordPerfect format, to Kinkeade_Orders@txnd.uscourts.gov. The email must include the case number and the document number of the referenced motion in the subject line and opposing counsel must be copied.**

4. All motions requesting leave to join parties or to amend pleadings shall be filed by **December 30, 2025**.

5. Plaintiffs' shall file their **Motion for Class Certification** by **December 4, 2026**. The motion must otherwise comply with Local Rule 23.2 (except paragraph (f)), and must be accompanied by a supporting brief and all supporting evidence, including expert testimony, if any. Responses to the Motion for Class Certification shall be filed by **January 22, 2027**. Replies to the Motion for Class Certification shall be filed by **February 17, 2027**.

6. Plaintiffs and defendant shall file a written designation of the name and address of each expert witness for purposes of Class Certification and shall otherwise comply with Fed. R. Civ. P. 26(a)(2) on or before **July 8, 2026**.

    All motions challenging or seeking to disqualify class certification expert witnesses (e.g., *Daubert* motions) must be filed on or before **December 4, 2026**. Responses to the Motion(s) shall be filed by **January 22, 2027**. Replies to the Motion(s) shall be filed by **February 17, 2027**.

    If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosure required under Rule 26(a)(2) shall be made within 30 days after the disclosure made by the other party.

7. By **November 2, 2026** all discovery regarding Class Certification, including discovery concerning Class Certification expert witnesses, shall be completed.

8. This Court orders the parties not to include "private or sensitive information in any document filed with the Court unless [it] is necessary to the case." This includes but is not limited to social security numbers, taxpayer identification numbers, financial account numbers, minors names, and dates of birth.

9. Judge's Courtesy Copy of Documents Filed by Electronic Means:

In civil cases, Judge Kinkeade requires parties to provide copies of all dispositive motions, responses, replies and appendices thereto, and any filing totaling more than 25 pages in length. **Copies must be printed on front side only, not front-back**. These copies must be delivered to the Clerk's office within three (3) business days of the filing date. Failure to comply with this requirement may result in the party's document being unfiled by the Court. Furthermore, all hard copies must be properly bound either by sufficiently affixed staple, ACCO fastener, spiral binding, or, for a voluminous document, a 3-ring binder. Appendices and other documents fastened by paper clips, binder clips, rubber bands, or any other means are unacceptable. Exhibits must be tabbed, and the exhibits must be in **PORTRAIT FORMAT** not landscape format.

10. **Local Counsel must sign all documents filed in this case pursuant to Fed. R. Civ. P. 11, and also comply with Local Rule 83.10(b).**

11. **Upon making an appearance in a case, Judge Kinkeade requires every attorney (not just lead attorneys) to provide their cell phone numbers where they can be reached at any time. This information is to be filed "Under Seal" entitled "Attorney Contact Information". If not already filed with the Court, any attorneys shall file the required document within 14 days from the date of this order.**

12. Should any party or counsel fail to cooperate in accomplishing anything required by this order, such party or counsel or both may be subject to sanctions, including dismissal or entry of default without further notice.

13. There appears to be no further reason at this time to maintain the file as open for statistical purposes. The Clerk is therefore instructed to submit a JS-6 form to the Administrative Office, thereby removing this case from the statistical records. Nothing in this Order shall be considered a dismissal or disposition of this case.

14. After ruling on the issue of class certification, the Court will reopen this case and issue a separate order requiring the parties to file a Report Regarding Contents of Scheduling Order to address the deadlines for the remainder of this case.

**SO ORDERED.**

Signed October 23rd, 2025.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE